# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JUAREZ YBARRA JR., <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT OF KERN, <br><br> Respondent. | Case No. 1:25-cv-00212-SAB-HC <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner was convicted in the Kern County Superior Court of criminal threats and assault with a deadly weapon. Petitioner was sentenced to an imprisonment term of six months. (ECF No. 1 at 1.[1]) On November 18, 2024, Petitioner appealed, and the appeal is currently pending in the California Court of Appeal, Fifth Appellate District. (Id. at 2.) On February 18, 2025, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that
2  the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254
3  Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court.").

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, *even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts*." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (emphasis added). The Sherwood court explained that "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Id. (citations omitted). See also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."). "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018) (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

Here, Petitioner's direct appeal of his criminal conviction is pending in the California Court of Appeal, Fifth Appellate District. (ECF No. 1 at 2.) As Petitioner has failed to demonstrate any "unusual circumstances, [the Court] decline[s] to depart from the general rule

that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998). As Petitioner has an ongoing criminal appeal in state court, the instant federal habeas petition is premature and should be dismissed.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2025**

STANLEY A. BOONE  
United States Magistrate Judge

3